UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BUNKER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH BUCCINIO, *et al.*, <br><br> Defendants. | Case No. 2:23-cv-09263-FLA (DFM) <br><br> **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation (Dkt. 195, "Report") of the assigned United States Magistrate Judge. Furthermore, the court has conducted a *de novo* review of the objections that were filed.

The Report recommends the denial of Plaintiffs' motion for leave to file a Fourth Amended Complaint, Dkt. 187, because it is barred by *Younger v. Harris*, 401 U.S. 37 (1971), and fails to state a claim for relief. Dkt. 195. Plaintiffs concede the proposed Fourth Amended Complaint fails to state a claim for relief, but object that *Younger* abstention is improper for three reasons. Dkt. 196 at 2. Plaintiffs' objections do not merit any change to the Report's findings and recommendations.

/ / /

First, Plaintiffs object that *Younger* abstention is improper because the state court probate action[1] is not "ongoing." Dkt. 196 at 3–4. They argue the Probate Action is not ongoing because it is "dormant" and "held in abeyance" while they litigate the instant federal action. *Id.* For purposes of *Younger*, however, the Ninth Circuit has held that "[i]t is irrelevant that the state … action was stayed … to allow the federal suit to proceed." *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1104 (9th Cir. 1998). As a result, a court's "inquiry on prong one of the *Younger* test is not on what is currently occurring in the state proceedings, but is focused on the narrow question of whether they were pending at the time the federal suit was filed[.]" *Id.* "[I]t seems backwards to reject abstention because the state proceedings have been stayed to allow the federal case to proceed. This is exactly the interference that *Younger* abstention is designed to prevent." *Id.* Because the Probate Action was pending in state court at the time Plaintiffs' federal suit was filed, the first *Younger* requirement is met.

Second, Plaintiffs object that *Younger* abstention is improper because the Probate Action does not implicate important state interests. Dkt. 196 at 4. Specifically, they object that the "state of California has no legitimate interest in protecting [against] private actors who commit fraud upon its courts." *Id.* Their objection, however, concedes the state's important interest in enforcing its courts' orders and judgments, because Plaintiffs' allegation that fraud is being tolerated would "challenge the very process by which those judgments were obtained" in state court. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *see also Prostitis v. Riverside Superior Family Court*, 2020 WL 3843727, at *10 (C.D. Cal. Apr. 15, 2020) (*Younger* abstention was proper where plaintiff challenged state court process by alleging, among other things, that state judge allowed perjury in his courtroom). Because the

---

[1] The action is styled *Estate of Richard Bochicchio*, Case No. PROSB2201534, and is pending before the San Bernardino County Superior Court (the "Probate Action").

Probate Action implicates an important state interest in enforcing the orders and judgments issued by its courts without federal interference, the second and third *Younger* requirements are met.

Third, Plaintiffs object that *Younger* abstention is improper because the Probate Action does not provide an adequate forum for their federal claims. Dkt. 196 at 4–5. Specifically, they object that the state court presiding over the Probate Action is a court of "limited jurisdiction" and cannot hear civil rights claims under 42 U.S.C. § 1983. *Id.* State courts, however, are courts of general jurisdiction and "a pending state proceeding, in all but unusual cases, would provide the federal plaintiff with the necessary vehicle for vindicating his constitutional rights[.]" *Steffel v. Thompson*, 415 U.S. 452, 460 (1974).

Moreover, Plaintiffs previously raised a similar argument about the purported limited jurisdiction of the state court, and the Magistrate Judge's explanation for why the argument is incorrect continues to apply. Dkt. 78 at 1–2. As the Magistrate Judge previously explained to Plaintiffs, "there is no separate 'probate court' in California, with probate jurisdiction vested in the Superior Court." *Id.* at 1. "Technically, California does not have 'probate courts.' The term 'probate court' is but a convenient way of expressing the concept of a superior court sitting in exercise of its probate jurisdiction. This is but a colloquial expression. The same is true for the term 'family court.'" *Id.* (quoting *In re Michael R.*, 137 Cal. App. 4th 126, 131 n. 1 (2006)). "Moreover, 'the probate court is a court of general jurisdiction with broad equitable powers.'" *Id.* at 2 (quoting *Estate of Kraus*, 184 Cal. App. 4th 103, 114 (2010)). "Here, the underlying [P]robate [A]ction involves a will contest, and thus the probate court has jurisdiction to adjudicate matters in connection with said proceedings." *Id.* Because Plaintiffs have an adequate forum in state court, the fourth *Younger* requirement is met.

Accordingly, the court accepts the findings, conclusions, and recommendations of the United States Magistrate Judge.

1      IT IS THEREFORE ORDERED that Plaintiffs' motion for leave to file a Fourth Amended Complaint (Dkt. 187) is DENIED.

Dated: October 24, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge